## RICHARDSON *et al.* v. WOODRING *et al.*

1. **Fraudulent Conveyance:** OF STOCK OF GOODS: EVIDENCE. The evidence in this case considered (see opinion) and *held* to be sufficient to prove that the conveyance of the stock of goods in question was made and accepted for the purpose of defrauding creditors.

2. **Appeal:** QUESTION NOT RAISED BELOW. An issue not raised in the pleadings nor referred to in the evidence cannot be heard in this court.

*Appeal from Carroll District Court.*—HON. J. P. CONNER, Judge.

FILED, MARCH 10, 1888.

THIS is an action in equity by which the plaintiffs, who are creditors of the defendant R. R. Woodring, seek to subject certain goods and chattels to the payment of their claims, upon the ground that said defendant mortgaged and sold said goods to the other defendants in such a way as to constitute a general assignment, with preferences to the defendant creditors. It is also claimed that a sale of the goods to defendant J. W. Coppock was fraudulent, as being made with intent to hinder, delay and defraud the creditors of Woodring. Issues were joined by the parties, and a trial was had, which resulted in a decree for the plaintiffs; from which defendants appeal.

*Beach & Hoyt* and *F. M. Powers*, for appellants.

*George R. Cloud*, for appellees.

ROTHROCK, J.—I. On the twenty-eighth day of June, 1886, the defendant R. R. Woodring was the owner of a stock of furniture, undertaking and upholstery goods at Carroll, Iowa. On that day he executed a chattel mortgage on said stock to A. W. Patterson, to secure the payment of one thousand and twenty-one dollars, and same was filed for record on the twenty-ninth day of June, 1886, at nine o'clock in the morning. On said twenty-eighth day of June, he executed another mortgage upon the stock to Nicholas Woodring for about twenty-three hundred dollars, and the same was filed for record on the twenty-ninth of June at eleven o'clock in the forenoon ; and on the same day that he executed said mortgages he sold the whole stock to defendant Coppock, and executed to him a bill of sale therefor, which was filed for record June 29, 1886, at 1:30 o'clock p. m. By the terms of this bill of sale Coppock assumed the payment of the mortgages to the other defendants. The defendant Woodring is the owner of a hearse and harness which was not included in the mortgages, but was transferred by the bill of sale to Coppock. After hearing all the evidence, and upon a full trial upon the merits, the court decreed that the hearse and its attachments and the set of double harness should be held subject to the payment of the claims of the plaintiffs. The effect of this decree was to uphold the mortgages as valid liens, and to defeat the sale to Coppock only so far as not to affect the mortgage liens. The plaintiffs do not appeal, and it is only necessary to consider whether the decree subjecting the hearse and harness to the payment of the plaintiffs' claims is in accord with the preponderance of the evidence. And this inquiry does not necessarily involve the question whether these several transactions

*1. FRAUDULENT conveyance of stock of goods : evidence.*

Richardson v. Woodring.

amounted to a general assignment. The district court doubtless found from the evidence that the sale of the goods from Woodring to Coppock was a fraud upon the creditors of Woodring, and in our opinion that conclusion is in accord with a decided preponderance of the evidence. We will not set out the evidence in detail. It is sufficient to state some of the proven facts which, with others not stated, lead to the conclusion that the sale was properly held to be fraudulent. Coppock was, and for ten years had been, engaged in mining, and had no knowledge of the furniture business. He was not a creditor of Woodring. He had been for years at the Black Hills, in Dakota Territory. Some correspondence was had between him and Woodring about buying the goods. He came to Carroll on the evening of June 28, 1886, and took the bill of sale and recorded it after the mortgages were executed. No invoice of the goods was made after he came, but he claims he bought on the faith of an invoice which Woodring stated to him had been made a short time before. He knew before he closed the deal that the goods were mortgaged for about two-thirds their value, or thereabouts. He took possession, and in a few months went to Africa to engage in the mining business. He left the store in charge of a son of the defendant Woodring. It will be observed that Coppock was not a creditor. He volunteered to purchase a stock of goods for over five thousand dollars, which he knew was mortgaged for thirty-three hundred dollars. He made his purchase without knowing anything of the value of the goods except the statement of Woodring. These and other established facts which might be stated lead the mind to the conclusion that the sale was fraudulent. There is no doubt that it was fraudulent on the part of Woodring, and that, to say the least, Coppock was in possession of such facts as should have put him upon inquiry before closing the purchase.

II. It is urged by counsel for appellant that the hearse and harness should not be subjected to the

2. APPEAL: question not raised below. payment of Woodring's debts, because they are exempt from execution. It is sufficient to say in answer to this claim that no such issue was made in the pleadings, and no evidence was introduced showing the said property to be exempt. The question cannot be raised for the first time in this court.

AFFIRMED.